FILED US District Court-UT
JAN 21 '26 PM02:13

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

Laurie Nielsen

Plaintiff

v.

United States Department of Housing
and Urban Development ("HUD"),
Secretary of Housing and Urban Development
in his official capacity,
Compu-Link Corporation (Celink, Inc.)
and Does 1-10

Defendants

Case: 2:26-cv-00055
Assigned To : Pead, Dustin B.
Assign. Date : 1/21/2026
Description: Nielsen v. United State
Department of Housing and Urban Development et al

# VERIFIED COMPLAINT

**COMES NOW** Plaintiff Laurie Nielsen, appearing *pro se*, and files this Verified Complaint against Defendants United States Department of Housing and Urban Development ("HUD"), the Secretary of Housing and Urban Development in his official capacity, Compu-Link Corporation (Celink, Inc.) and DOES 1–10 as follows:

## I. PARTIES

1. Plaintiff Laurie Nielsen is an individual residing in Salt Lake City, Utah. Plaintiff is the daughter of Glade W. Nielsen and Ruth Nielsen, both deceased, and is a lawful heir and successor-in-interest to the real property located at 4971 S. Beaverbrook Lane, Salt Lake City, Utah 84117 (the "Property"). Plaintiff brings this action to challenge Defendants' claimed authority to accelerate and foreclose upon the

Property.

2. Defendant United States Department of Housing and Urban Development ("HUD") is a federal agency of the United States, headquartered in Washington, D.C. HUD claims an interest in the Property based on a federally insured Home Equity Conversion Mortgage ("HECM") reverse mortgage and a purported assignment recorded on March 27, 2024. HUD is sued for declaratory and injunctive relief arising from its alleged authority to enforce and foreclose upon the Property.

3. Defendant Secretary of Housing and Urban Development is sued in his official capacity only as the head of HUD and the official responsible for the administration and enforcement of HUD's HECM reverse mortgage program. The Secretary is a proper defendant for purposes of declaratory and injunctive relief.

4. Defendant Compu-Link Corporation (Celink, Inc.), upon information and belief, is a federal contractor and mortgage loan servicer that administers and services HUD-insured Home Equity Conversion Mortgage ("HECM") reverse mortgages, including the loan at issue. At all relevant times, Compu-Link Corporation (Celink, Inc.) acted solely as a subservicer and agent for HUD in sending acceleration and foreclosure-related correspondence and in preparing, recording, or otherwise facilitating the purported March 27, 2024 assignment relied upon by HUD. Compu-Link Corporation (Celink, Inc.) is named as a defendant for its role in the challenged conduct and does not hold, and has never held, any ownership interest in the promissory note or deed of trust encumbering the Property.

5. Defendants DOES 1–10 are persons or entities whose true names and capacities

are presently unknown, but who claim or may claim an interest in the Property or participated in the acceleration, servicing, assignment, or attempted enforcement of the reverse mortgage. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States, including but not limited to the Administrative Procedure Act, 5 U.S.C. §§ 701–706, and federal statutes governing reverse mortgages insured by the United States Department of Housing and Urban Development ("HUD").

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1346, because this action is brought against an agency of the United States and the Secretary of Housing and Urban Development in his official capacity, seeking declaratory and injunctive relief arising from agency action and asserted federal interests in real property.

8. This Court has jurisdiction under 28 U.S.C. § 2410(a) because Plaintiff seeks to quiet title to real property on which the United States claims or asserts a lien or other interest.

9. This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201– 2202, because an actual and justifiable controversy exists between the parties concerning the validity, existence, and enforceability of Defendants' claimed lien and

enforcement authority against the subject property.

10. This Court has supplemental jurisdiction over the claims against Defendant Defendant Compu-Link Corporation (Celink, Inc.) pursuant to 28 U.S.C. § 1367, because those claims arise from the same nucleus of operative facts as the federal claims asserted against HUD and the Secretary, including the alleged enforcement of a void, released, or otherwise unenforceable lien.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is located within the District of Utah, and the events and omissions giving rise to Plaintiff's claims occurred in this District.

12. Venue is further proper pursuant to 28 U.S.C. § 1391(e)(1) because Defendants include an agency of the United States and the Secretary of Housing and Urban Development acting in his official capacity, and the relief sought is injunctive and declaratory in nature.

## III. FACTUAL ALLEGATIONS

### The Property and Original Ownership

13. The real property at issue is located at 4971 S. Beaverbrook Lane, Unit 40, Salt Lake City, Utah 84117 (the "Property"). Also commonly known as Unit 40, Building 9A, Three Fountains East Phase 1 Condominium, Salt Lake County, Utah (the "Property"), and more particularly described in **Exhibit A** attached hereto and incorporated by reference. Parcel Identification No. 22-08-186-041.

14. The Property was owned by Glade W. Nielsen and Ruth Annete Nielsen, Plaintiff's parents, as joint tenants.

15. Plaintiff Laurie Nielsen is the lawful daughter, heir, and successor-in-interest to Glade W. Nielsen and Ruth Annette Nielsen and holds a present ownership interest in the Property.

**The Reverse Mortgage Loan**

16. On or about December 21, 2007, Glade W. Nielsen and Ruth Nielsen obtained a Home Equity Conversion Mortgage ("HECM") reverse mortgage secured by two recorded security instruments encumbering the real property located at 4971 S. Beaverbrook Lane, Salt Lake City, Utah 84117 (the "Property"): an Open-End Adjustable Rate Home Equity Conversion Deed of Trust and an Open-End Adjustable Rate Home Equity Conversion Second Deed of Trust. True and correct copies of these instruments are attached hereto as **Exhibits B and C**, respectively.

17. The reverse mortgage was insured by HUD pursuant to federal law and regulations governing HECM loans.

18. Under the terms of the HECM program, repayment of the loan is generally deferred until the occurrence of a maturity event, including the death of the last surviving borrower, subject to statutory and regulatory requirements governing enforcement.

**Death of the Borrowers and HUD's Claimed Interest**

19. Glade W. Nielsen and Ruth Annette Nielsen are both deceased.

20. Following the deaths of the original borrowers, HUD claims an interest in the

Property arising from the insured HECM loan and asserts the right to accelerate the debt and enforce the deed of trust.

21. Plaintiff does not dispute that a reverse mortgage loan once existed but does dispute Defendants' present authority to enforce, accelerate, or foreclose upon the Property, as alleged herein.

**Recorded Reconveyances and Title History**

22. The Salt Lake County land records reflect multiple deeds of trust and reconveyances recorded against the Property over time, including conventional mortgage loans predating the reverse mortgage at issue.

23. On January 17, 2008 and January 22, 2008, Deeds of Reconveyance were recorded releasing deeds of trust associated with loans dated November 15, 1999 and May 13, 2004, respectively. True and correct copies of those recorded reconveyances are attached hereto as **Exhibit D.**

24. Each Deed of Reconveyance states on its face that the corresponding deed of trust had been "paid in full" and was released of record, thereby extinguishing those liens against the Property.

25. No Deed of Reconveyance or release of lien specifically identifying the December 21, 2007 Home Equity Conversion Mortgage ("HECM") reverse mortgage has ever been recorded in the Salt Lake County land records. While the 2007 HECM deed of trust remains unreconveyed of record, Defendants have failed to demonstrate that it remains valid, enforceable, or lawfully held. The mere continued recordation of an unreconveyed deed of trust, standing alone, does not confer authority to enforce,

accelerate, or foreclose absent proof of a valid assignment and present entitlement to enforce.

26. In addition, a third-party voluntary liens and title report reflecting the publicly recorded liens and releases associated with the Property is attached hereto as **Exhibit E.** Exhibit E corroborates the Salt Lake County land records described above and reflects the same sequence of recorded deeds of trust and reconveyances.

27. Defendants have not identified, and the public land records do not reflect, any subsequently recorded deed of trust, modification, re-encumbrance, or other curative instrument affecting the Property following the January 2008 reconveyances, other than post-hoc assignments purporting to transfer interests in the 2007 HECM deed of trust.

28. As a result, the public land records reflect an unclear and internally inconsistent chain of title concerning whether Defendants possess a presently valid and enforceable lien interest with authority to accelerate, foreclose upon, or otherwise enforce the alleged reverse mortgage against the Property.

**The Purported March 27, 2024 Assignment**

29. On or about March 27, 2024, a document entitled "Assignment of Deed of Trust" was recorded in the Salt Lake County Recorder's Office purporting to assign the December 21, 2007 HECM deed of trust encumbering the Property to the United States Department of Housing and Urban Development ("HUD"). A true and correct copy of the recorded assignment is attached hereto as **Exhibit F.**

30. The March 27, 2024 assignment identifies Mortgage Electronic Registration

Systems, Inc. ("MERS"), acting solely as nominee for Financial Freedom Acquisition, LLC, its successors and assigns, as the purported assignor.

31. Upon information and belief, at the time the March 27, 2024 assignment was executed and recorded, Financial Freedom Acquisition, LLC had long since ceased originating or holding reverse mortgage loans, had transferred or sold its HECM portfolio, and lacked any present ownership interest, servicing rights, or assignable interest in the subject deed of trust. Public HUD records further reflect that Financial Freedom Acquisition, LLC's FHA approval and branch authority were terminated years prior to the purported March 27, 2024 assignment, confirming that it lacked legal capacity to assign any interest. *See* **Exhibit G.**

32. By no later than 2009, Financial Freedom's reverse mortgage assets were sold and transferred pursuant to FDIC-supervised transactions, including the resolution of IndyMac Bank, F.S.B., and related entities. As a result of those transactions, Financial Freedom Acquisition, LLC retained no ownership interest, servicing rights, or assignable interest in HECM reverse mortgage deeds of trust thereafter, and therefore held no interest capable of assignment in 2024. *See* **Exhibit H.**

33. Because MERS's authority, if any, is strictly derivative of the rights of its named principal, and Financial Freedom Acquisition, LLC lacked the legal capacity or interest necessary to effectuate an assignment in March 2024, the purported assignment was executed without lawful authority and is void, or alternatively voidable, and of no legal effect.

34. Defendant Compu-Link Corporation (Celink, Inc.), acting as HUD's subservicer

and agent, participated in the preparation, recording, transmission, and/or reliance upon the March 27, 2024 assignment as part of Defendants' efforts to assert enforcement and foreclosure authority against the Property.

**Acceleration and Foreclosure Activity**

35. Following the purported assignment, Defendants caused acceleration notices and foreclosure-related correspondence to be sent to Plaintiff asserting that the reverse mortgage debt had matured and was immediately due and payable.

36. Defendants' actions were based on the March 27, 2024 assignment and HUD's asserted lien interest.

37. Plaintiff alleges that Defendants lack lawful authority to accelerate or foreclose because HUD does not hold a valid, enforceable lien against the Property, and the purported assignment on which Defendants rely is void.

38. Plaintiff further alleges that Defendants' actions constitute ultra vires conduct, are not authorized by federal law or HUD regulations, and are therefore unlawful.

**Defendants' Communications and Failure to Provide Process**

39. On or about September 15, 2025, Plaintiff received written correspondence via email from Compu-Link Corporation, acting as loan administrator for HUD, regarding FHA Case No. 521-6499513. True and correct copies of this acceleration and foreclosure related correspondence are attached hereto as **Exhibit I.**

40. The correspondence stated that the alleged reverse mortgage loan balance had matured following the borrowers' deaths and asserted that foreclosure proceedings

would be initiated due to an alleged failure by the Estate or responsible party to resolve the claimed debt.

41. The correspondence asserted that the "initial six-month period for repayment has expired" and that "any extension of time has been exhausted," and further stated that the loan would be referred to foreclosure in accordance with HUD policy and program guidelines.

42. The correspondence was sent by Armand Etame, identifying himself as a Default Manager with Compu-Link, HUD Division, and included contact information directing Plaintiff to call or email for further communication.

43. Plaintiff attempted in good faith to communicate with Defendants using the contact information provided, including by telephone and email, but was unable to obtain meaningful responses, clarification, or documentation substantiating Defendants' claimed authority to accelerate or foreclose.

44. The correspondence did not include copies of any valid assignment, deed of trust, proof of lien ownership, or documentation establishing that HUD held a presently enforceable security interest in the Property.

45. The correspondence further failed to provide Plaintiff with any administrative appeal rights, hearing procedures, or meaningful opportunity to contest Defendants' claimed authority prior to threatened foreclosure activity.

46. Plaintiff alleges that Defendants' reliance on conclusory statements of "policy and

program guidelines," without producing evidence of a valid lien or lawful assignment, constitutes arbitrary and capricious agency action and exceeds statutory and regulatory authority.

47. Plaintiff further alleges that Defendants' communications demonstrate that foreclosure activity was threatened and initiated without lawful authority, based on a void or unenforceable assignment and without due process.

48. As reflected on its own publicly available website, Defendant Compu-Link Corporation (Celink, Inc.) represents that it is responsible for administering HUD Secretary-held Home Equity Conversion Mortgages ("HECMs"). A true and correct copy of this public representation is attached hereto as **Exhibit J.**

49. Plaintiff is the lawful heir and successor-in-interest to the Property following the deaths of the original borrowers, Glade W. Nielsen and Ruth Annette Nielsen, and has a direct ownership interest in the Property. Documentation supporting Plaintiff's status and standing is attached hereto as **Exhibit K.**

**Present Controversy**

50. An actual, present, and justifiable controversy exists between Plaintiff and Defendants regarding:

- Whether HUD holds any valid lien or enforceable interest in the Property;
- Whether the March 27, 2024 assignment is void;
- Whether Defendants have authority to accelerate the alleged debt; and
- Whether Defendants may lawfully foreclose upon the Property.

# IV. CAUSES OF ACTION
## COUNT ONE
## QUIET TITLE
## (28 U.S.C. § 2410)

**Against HUD and the Secretary of Housing and Urban Development**

51. Plaintiff realleges and incorporates by reference paragraphs 1 through 50 as if fully set forth herein.

52. This action is brought pursuant to 28 U.S.C. § 2410 to quiet title to real property against the United States where the United States claims or asserts a lien or other interest.

53. Defendants HUD and the Secretary claim an interest in the Property based upon a purported March 27, 2024 Assignment of Deed of Trust and an alleged HECM reverse mortgage lien.

54. As alleged herein, the purported March 27, 2024 assignment is void, or alternatively voidable, because it was executed by or through an entity that lacked legal capacity and any assignable interest at the time of assignment, and therefore failed to convey any enforceable lien interest to HUD.

55. Further, Defendants have failed to demonstrate a valid, continuous chain of title establishing HUD as a present beneficiary or entity entitled to enforce the deed of trust encumbering the Property.

56. The continued assertion by HUD of lien enforcement and foreclosure authority, based on a void or unenforceable assignment, constitutes a cloud on Plaintiff's title and interferes with Plaintiff's lawful ownership and use of the Property.

57. Plaintiff seeks a judgment quieting title in her favor and declaring that HUD has no valid, enforceable lien or right to foreclose upon the Property.

## COUNT TWO
## ADMINISTRATIVE PROCEDURE ACT / ULTRA VIRES AGENCY ACTION
## (5 U.S.C. §§ 701–706)

**Against HUD and the Secretary of Housing and Urban Development**

58. Plaintiff realleges and incorporates by reference paragraphs 1 through 57 as if fully set forth herein.

59. Defendants HUD and the Secretary are "agencies" and "agency officials" within the meaning of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

60. Defendants' actions in asserting lien enforcement authority, accelerating the alleged reverse mortgage debt, and threatening foreclosure constitute final agency action subject to judicial review under the APA.

61. Defendants' actions were arbitrary, capricious, an abuse of discretion, and

otherwise not in accordance with law, in violation of 5 U.S.C. § 706(2)(A), because Defendants relied upon a void or unenforceable assignment and failed to establish lawful authority to enforce the deed of trust.

62. Defendants further acted in excess of statutory jurisdiction, authority, or limitations, and without observance of procedure required by law, in violation of 5 U.S.C. § 706(2)(C) and (D).

63. Defendants' conduct constitutes ultra vires agency action because no federal statute or HUD regulation authorizes HUD to enforce or foreclose upon a deed of trust absent a valid present lien interest and lawful entitlement to enforce.

64. Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendants' unlawful conduct, including clouded title, threatened foreclosure, and deprivation of due process.

65. Plaintiff seeks declaratory and injunctive relief setting aside Defendants' unlawful actions and prohibiting further enforcement activity absent lawful authority.

## COUNT THREE
## DECLARATORY JUDGMENT
## (28 U.S.C. §§ 2201–2202)

**Against All Defendants**

66. Plaintiff realleges and incorporates by reference paragraphs 1 through 65 as if

fully set forth herein.

67. An actual, present, and justiciable controversy exists between Plaintiff and Defendants concerning the validity and legal effect of the purported March 27, 2024 Assignment of Deed of Trust, the existence of any presently enforceable lien encumbering the Property, and Defendants' authority to accelerate or foreclose upon the Property.

68. Plaintiff contends that the March 27, 2024 Assignment of Deed of Trust is void, or alternatively voidable, and of no legal effect because it was executed without lawful authority and failed to convey any enforceable interest.

69. Defendants contend, expressly or implicitly, that the assignment is valid and that HUD possesses an enforceable lien and foreclosure authority.

70. Plaintiff seeks a declaration that:

- the March 27, 2024 Assignment of Deed of Trust is null and void, or alternatively voidable, and of no legal effect;
- HUD does not hold a presently valid or enforceable lien against the Property; and
- Defendants lack authority to accelerate, enforce, or foreclose upon the Property based on the purported assignment.

71. Declaratory relief will serve a useful purpose in clarifying the legal relations at issue and will terminate the uncertainty and controversy giving rise to this action.

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in her favor and grant the following relief:

(A). A declaration that the March 27, 2024 Assignment of Deed of Trust is void, or alternatively voidable, and of no legal effect;

(B). A judgment quieting title to the Property in favor of Plaintiff and declaring that HUD has no valid, enforceable lien or right to foreclose upon the Property;

(C). A declaration that Defendants' actions violated the Administrative Procedure Act and were ultra vires and not in accordance with law;

(D). An order setting aside Defendants' unlawful agency actions pursuant to 5 U.S.C. § 706;

(E). An injunction prohibiting Defendants from accelerating, enforcing, or foreclosing upon the Property absent proof of lawful authority and entitlement to enforce;

(F). An award of costs and reasonable expenses as permitted by law;

(G). Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Laurie Nielsen, Plaintiff *pro se*
4971 S. Beaverbrook Lane
Salt Lake City, Utah 84117
801-675-6620
djlaurenx@yahoo.com

Dated: 1/21/2026

## VERIFICATION

I, Laurie Nielsen, declare as follows:

1. I am the Plaintiff in the foregoing action.
2. I have read the foregoing Verified Complaint, and I know the contents thereof.
3. The factual allegations contained in the Verified Complaint are true and correct to the best of my personal knowledge, except as to matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 21st day of January, 2026, at Fed. Clerk's office 2pm MST

Laurie Nielsen, Plaintiff *pro se*
4971 S. Beaverbrook Lane
Salt Lake City, Utah 84117
801-675-6620
djlaurenx@yahoo.com

NOTARY ACKNOWLEDGMENT

State of Utah )
: ss.
County of ____________________ )

On this ___ day of __________________, 2026, before me, the undersigned Notary Public, personally appeared Laurie Nielsen, known to me or satisfactorily proven to be the person whose name is subscribed to the foregoing Verification, and who acknowledged that she executed the same for the purposes therein stated.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Notary Public
State of Utah

My Commission Expires: ______________

Commission No.: _____________________