UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LAURIE NIELSEN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, SECRETARY OF HOUSING AND URBAN DEVELOPMENT in his official capacity, COMPU-LINK CORPORATION, and DOES 1–10,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING [36] REPORT AND RECOMMENDATION, OVERRULING [37] PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION, AND GRANTING [28] AND [29] DEFENDANTS' MOTIONS TO DISMISS**<br><br>Case No. 2:26-cv-00055-DBB-DBP<br><br>District Judge David Barlow |

Before the court is United States Magistrate Judge Dustin B. Pead's Report and Recommendation to dismiss Plaintiff Laurie Nielsen's action.[1]

## BACKGROUND

This case involves a dispute regarding property that was owned by Plaintiff's parents. Plaintiff alleges the following:

Plaintiff's parents owned a piece of real property located in Salt Lake City, Utah.[2] On December 21, 2007, Plaintiff's parents took out a Home Equity Conversion Mortgage ("HECM") on the property with Mountain American Credit Union.[3] Two deeds of trust relating

---

[1] Report and Recommendation ("R&R") 18, ECF No. 36, filed July 13, 2026.
[2] Compl. ¶ 13.
[3] *Id.* ¶ 16.

to the transaction were recorded on December 28, 2007.[4] Though Plaintiff does not directly reference it in her Complaint, public records show that on the same day the deeds were recorded, Mountain American Credit Union assigned its interest in the first deed of trust to Financial Freedom Senior Funding Corporation ("Financial Freedom").[5] Then, on October 15, 2009, Financial Freedom recorded a document assigning its rights in the property to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Financial Freedom.[6] The Complaint next describes a transaction on March 27, 2024, in which MERS, as nominee for Financial Freedom, "purport[ed] to assign" the deed of trust to the United States Department of Housing and Urban Development ("HUD").[7] However, Plaintiff alleges that, at the time of the March 27, 2024, assignment, Financial Freedom "had long since ceased originating or holding reverse mortgage loans, had transferred or sold its HECM portfolio, and lacked any present ownership interest, servicing rights, or assignable interest in the subject deed of trust."[8]

Following the purported assignment, Plaintiff's parents had passed away,[9] and HUD sent acceleration notices to Plaintiff asserting that the HECM debt had matured and was immediately due.[10] HUD noted that the loan would be referred to foreclosure.[11] On January 21, 2026, Plaintiff filed a complaint against Defendants United States Department of Housing and Urban Development, the Secretary of Housing and Urban Development (collectively, "HUD") and

---

[4] *See* First Deed of Trust 2, ECF No. 1-2, filed Jan. 21, 2026; Second Deed of Trust 2, ECF No. 1-3, filed Jan. 21, 2026.
[5] Financial Freedom Assignment, ECF No. 28-2, filed May 1, 2026.
[6] MERS Assignment, ECF No. 28-3, filed May 1, 2026.
[7] Compl. ¶ 29.
[8] *Id.* ¶ 31.
[9] *Id.* ¶¶ 19–20.
[10] *Id.* ¶ 35.
[11] *Id.* ¶ 41.

Compu-Link Corporation ("Compu-Link").[12] In response, HUD and Compu-Link filed motions to dismiss the Complaint for failure to state a claim.[13] The magistrate judge issued a report and recommendation in which he recommended dismissal of Plaintiff's claims for failure to state a claim.[14] Plaintiff was advised of her right to object to the Report and Recommendation within fourteen days of its service pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).[15] Plaintiff timely filed an objection ("Objection").[16]

## STANDARD

The court conducts a de novo review of any part of a report and recommendation for which a plaintiff offers a "timely and specific" objection.[17] To trigger this de novo review, an objection must adequately specify the factual and legal issues in dispute.[18] "General objections are "insufficient" to preserve the issue for appellate review.[19] The court "reviews unobjected-to portions of a report and recommendation for clear error."[20]

## ANALYSIS

Plaintiff objects to some of the magistrate judge's recommendations regarding her claims against HUD,[21] which the court must review de novo. However, because Plaintiff's Objection

---

[12] Compl., ECF No. 1, filed Jan. 21, 2026.

[13] HUD's Mot. to Dismiss ("HUD MTD"), ECF No. 28, filed May 1, 2026; Compu-Link's Mot. to Dismiss ("Compu-Link MTD"), ECF No. 29, filed May 1, 2026.

[14] R&R 18.

[15] *Id.*

[16] Pl.'s Obj. to Mag. J. R. & R. ("Objection"), ECF No. 37, filed July 15, 2026.

[17] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

[18] *See 2121 E. 30th St.*, 73 F.3d at 1060.

[19] *See Coomer v. Make Your Life Epic, LLC*, 140 F.4th 1269, 1277 (10th Cir. 2025).

[20] *Johnson v. Progressive Leasing*, No. 2:22-cv-00052, 2023 WL 4044514, at *2 (D. Utah June 16, 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see* Fed. R. Civ. P. 72(b) adv. Comm. Note to 1983 amend. ("[T]he court need only satisfy that there is no clear error on the face of the record in order to accept the recommendation.").

[21] *See generally* Objection.

does not address any of the recommendations regarding the claim against Compu-Link, the court reviews the magistrate judge's recommendations regarding that claim for clear error. Having done so, the court finds no clear error in the magistrate judge's reasoning and adopts the Report and Recommendation with respect to the claims against Compu-Link. The court now turns to its de novo review of the objected-to claims against HUD.

## I.      Quiet Title

Plaintiff's first cause of action against HUD is for quiet title.[22] The Complaint alleges that the March 27, 2024, assignment from MERS as nominee of Financial Freedom to HUD is void because it was executed by an entity that lacked any legal capacity or assignable interest in the deed.[23] The magistrate judge found that MERS, as Financial Freedom's nominee, could still assign the deed on behalf of Financial Freedom even if Financial Freedom had gone defunct.[24] Plaintiff objects to this conclusion on the grounds that the magistrate judge (1) improperly relied on documents outside the pleadings and (2) failed to construe the Complaint in the light most favorable to the Plaintiff and accept Plaintiff's factual allegations as true.[25]

### A.      Judicial Notice

Plaintiff first argues that the magistrate judge erred in treating the 2024 assignment as valid because judicially noticed records may only be considered for the fact of their existence rather than for the "truth of the facts recited therein."[26] Generally, courts may not consider

---

[22] Compl. ¶¶ 51–57.
[23] *Id.* ¶ 54.
[24] R&R 10–11.
[25] Objection 4–10.
[26] *Id.* at 6.

materials outside the pleadings on a motion to dismiss.[27] "However, courts may consider "documents attached as exhibits to the complaint,"[28] and "matters of which a court may take judicial notice,"[29] including "facts which are a matter of public record."[30] In this case, Plaintiff attaches numerous documents to her Complaint, including the recorded deeds of trust,[31] the recorded 2024 assignment to HUD,[32] and a report of all recorded liens related to the property.[33] The court may consider these. The court may also consider matters of public record, like the recorded assignments to Financial Freedom and MERS.

As for the court's use of matters of public record, Plaintiff's objection that such documents may only be used to show their existence rather than for "the truth of the facts recited therein" is more applicable in other contexts.[34] A recorded assignment of a deed of trust only shows that a transfer occurred rather than stating facts. Plaintiff's primary objection seems to be that a court cannot conclude that a transfer was valid and that the parties involved had the legal right to make the transfer simply because that transfer is publicly recorded.[35] The court agrees that Plaintiff's arguments regarding the validity of the HUD assignment and Financial Freedom's capacity to make that assignment cannot be fully resolved simply by noting that the assignment was recorded.[36] Instead, the court will consider public records of the March 27, 2024, assignment

---

[27] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Prager v. LaFaver*, 180 F.3d 1185, 1188 (10th Cir. 1999)).

[28] *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

[29] *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

[30] *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).

[31] *See* First Deed of Trust; Second Deed of Trust.

[32] HUD Assignment, ECF No. 1-6, filed Jan. 26, 2026.

[33] Voluntary Liens and Title Report, ECF No. 1-5, filed Jan. 26, 2026.

[34] *See The Est. of Lockett by & through Lockett v. Fallin*, 841 F.3d 1098, 1111 (10th Cir. 2016) (noting that news articles and other courts' opinions may not be used to show the truth of the facts they recite).

[35] Objection 6.

[36] However, the court disagrees with Plaintiff's contention that the magistrate judge improperly utilized the recorded HUD Assignment in this manner.

to show that it occurred and will consider whether Plaintiff plausibly alleges that the assignment was invalid or void based on the factual allegations in her Complaint.

### B.     Plaintiff's Factual Allegations

The majority of Plaintiff's Objection centers on arguments that the magistrate judge misapplied the Rule 12(b)(6) standard by refusing to accept the Complaint's facial allegations as true and by finding that the 2024 assignment was valid.[37] Generally, "[i]n evaluating a motion to dismiss, the court must take as true all well-pleaded facts, as distinguished from conclusory allegations, view all reasonable inferences in favor of the nonmoving party, and liberally construe the pleadings."[38] However, conclusory statements and legal conclusions are "not entitled to the assumption of truth."[39] Plaintiff argues that because she alleged that "MERS's authority was . . . extinguished" and that the "challenged [March 27, 2024] assignment was consequently void," the court is required to accept these allegations as true.[40] But these allegations are legal conclusions regarding the validity of the assignment that the court is not required to accept. Instead, the court examines the Complaint to determine whether its well-pled *facts*, taken as true, plausibly support the legal conclusion that MERS lacked capacity to transact the assignment, rendering it invalid.

Plaintiff contends that the 2024 assignment to HUD was invalid because MERS lacked authority to execute the assignment.[41] The Complaint further asserts that MERS lacked the

---

[37] Objection 4, 8, 9, 13–14.
[38] *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1130–31 (10th Cir. 2024) (quoting *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021)) (also quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002)) (cleaned up).
[39] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
[40] Objection 9; *see also* Compl. ¶ 33.
[41] Objection 6; Compl. ¶¶ 32–33.

ability to assign the deeds because its authority is derived entirely from Financial Freedom's

rights, and Financial Freedom had sold or transferred all of its reverse mortgage assets and

ceased to exist by at least 2009.[42] As an initial matter, public records and Plaintiff's own exhibits

contradict the assertion that Financial Freedom no longer had any rights in the reverse mortgage

deed. The publicly recorded 2009 assignment shows that Financial Freedom transferred legal

title of the deed, along with all its associated present and future rights, to MERS as nominee for

Financial Freedom.[43] The next publicly recorded transaction related to the deed is the March 27,

2024, assignment from MERS to HUD.[44]

The Voluntary Liens and Title Report exhibit attached to the Complaint lists all relevant

mortgage-related transactions involving the property, including the 2007 mortgage and initial

assignment to Financial Freedom, the 2009 assignment to MERS, and the 2024 assignment to

HUD.[45] Notably, the report does not list any transactions or assignments occurring between the

2009 and the 2024 assignments.[46] "[W]hen a document contradicts a complaint to which it is

attached, the document's facts or allegations trump those in the complaint."[47] Here, Plaintiff's

own exhibit contradicts the allegation that Financial Freedom sold its interest and rights in the

deed between the 2009 assignment to MERS and the 2024 assignment to HUD.

---

[42] Compl. ¶¶ 31–32.

[43] MERS Assignment 2.

[44] *See* HUD Assignment.

[45] Voluntary Liens and Title Report 2.

[46] *Id.*

[47] *Camoras v. Publishers Clearning House, LLC*, No. 4:23-CV-00118-DN-PK, 2024 WL 2262786, at *1 (D. Utah May 17, 2024) (quoting *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 (7th Cir. 2004)); *see also Est. of Ronquillo by & through Est. of Sanchez v. City & Cnty. of Denver*, 720 F. App'x 434, 437 (10th Cir. 2017) (unpublished) ("[W]e accept as true Plaintiff's allegations except when directly contracted by the attached exhibits.").

Even if the court did accept Plaintiff's allegations that Financial Freedom had either ceased to exist or transferred its interest in the deed by the time of the 2024 assignment, the Complaint still fails to state a claim for quiet title. Plaintiff's argument, that MERS lacked any capacity to assign the interest if Financial Freedom had gone defunct or transferred the interest,[48] is unsupported by the law. As the Tenth Circuit has noted, when MERS is assigned a security interest as a "nominee" for a lender and the lender's successors and assigns, MERS holds legal title to that interest.[49] "If the lender sells or assigns the beneficial interest in the loan to another MERS member, the change is recorded only in the MERS database, not in county records, because MERS continues to hold the deed on the new lender's behalf."[50]

In this case, MERS was assigned the deed of trust as nominee of Financial Freedom, "together with all interest secured thereby, all liens, and any rights due or to become due thereon."[51] Thus, MERS held title to the deed, including the rights associated with the deed, as nominee for Financial Freedom and "its successors and assigns."[52] Because of MERS' status as the legal titleholder to deeds as nominee for a beneficiary and its successors, other courts have held that even the dissolution of the original lender does not prevent MERS from assigning a mortgage as that lender's nominee.[53] Even taking as true all of the facts—as opposed to legal

---

[48] Compl. ¶ 31.

[49] *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc*., 680 F.3d 1194, 1197 n.1 (10th Cir. 2011) (quoting *Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1038 (9th Cir. 2011)).

[50] *Id.* (quoting *Cervantes*, 656 F.3d at 1039).

[51] MERS Assignment 2.

[52] HUD Assignment 2.

[53] *See, e.g., Ghuman v. Wells Fargo Bank, N.A*., 989 F. Supp. 2d 994, 1001 (E.D. Cal. 2013) ("[T]he fact Lender became defunct did not strip MERS' authority to act under the Deed of Trust."); *see also Mortg. Elec. Registration Sys., Inc. v. Koeppel*, No. 5:18-CV-03443-EJD, 2020 WL 1233925, at *5 (N.D. Cal. Mar. 13, 2020), *aff'd*, No. 20-15640, 2021 WL 4317136 (9th Cir. Sept. 23, 2021) ("MERS' authority to act under the DOT continues regardless of whether the original lender or successor or assign files bankruptcy or ceases operation."); *Rosa v. Mortg. Elec. Sys., Inc*., 821 F. Supp. 2d 423, 431 (D. Mass. 2011) ("The dissolution of the original lender does not affect MERS' authority to assign a mortgage."); *Slorp v. Lerner*, No. 2:12-CV-498, 2016 WL 3951207, at *5 (S.D. Ohio July 20,

conclusions—stated in the Complaint, those facts fail to plausibly allege that MERS lacked authority to make the March 27, 2024, assignment. Thus, Plaintiff does not state a claim for quiet title.

## II.  Administrative Procedure Act

Plaintiff next objects to the magistrate judge's dismissal of her claim under the Administrative Procedure Act ("APA").[54] The Complaint asserts that HUD's actions in accelerating the mortgage and threatening foreclosure constitute final agency action and were arbitrary and capricious.[55] The magistrate judge found that the Complaint failed to adequately allege a "final agency action" because HUD has not foreclosed on its lien and only informed Plaintiff that the property had been referred for foreclosure.[56] Plaintiff argues that HUD accelerated the debt and initiated foreclosure proceedings and that these constitute a final agency action.[57]

Plaintiff's argument is without merit. Two conditions must be satisfied for an agency action to be "final" under the APA.[58] "First, the action must mark the consummation of the agency's decision-making process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow."[59] "An agency action is not final if it 'does not of itself

---

2016), *aff'd sub nom. Slorp v. Lerner, Sampson & Rothfuss*, 690 F. App'x 905 (6th Cir. 2017) ("Plaintiff asserts that MERS could not assign the mortgage because the original lender [] 'did not exist at the time of the assignment.' Courts have uniformly rejected this argument, holding that it is legally irrelevant whether the originating lender was out of existence at the time MERS assigned the mortgage.").

[54] Objection 10–11.

[55] Compl. ¶¶ 59–60.

[56] R&R 13–14.

[57] Objection 10–11.

[58] *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 597 (2016).

[59] *Id.* (quoting *Bennett v. Spear,* 520 U.S. 154, 177–78 (1997)).

adversely affect complainant but only affects his rights adversely on the contingency of future administrative action.'"[60] Here, the Complaint alleges that HUD accelerated the mortgage[61] and sent Plaintiff an email stating that "the loan would be referred to foreclosure in accordance with HUD policy and program guidelines."[62] These are not final agency actions because they do not fully determine Plaintiff's rights in the property or mark the consummation of a decision-making process. At the very least, actual foreclosure, with its accompanying legal effects, could still lie ahead.

Furthermore, the magistrate judge also determined that, even if the Complaint does adequately allege that final agency action has occurred, Plaintiff's APA claim would still fail because it does not adequately allege facts showing "arbitrary and capricious" actions.[63] Plaintiff does not object to this finding, so the court reviews it for clear error only. Having done so, the court concludes that there is no clear error. Accordingly, the Complaint's failure to adequately allege arbitrary and capricious actions provides a second, independent basis for dismissing Plaintiff's APA claim.

## III.   Ultra Vires

Finally, Plaintiff objects to the magistrate judge's conclusion that her ultra vires claim fails.[64] The Complaint asserts that HUD acted ultra vires, in excess of its statutory authority, by attempting to enforce or foreclose upon a deed of trust in which HUD has no legal interest.[65] The

---

[60] *Borjas v. United States*, No. 16-CV-01026-CMA, 2018 WL 1084372, at *1 (D. Colo. Feb. 28, 2018) (quoting *Rochester Tel. Corp. v. United States*, 307 U.S. 125, 130 (1939)).
[61] Compl. ¶ 35.
[62] *Id.* ¶ 41.
[63] R&R 15.
[64] Objection 11–12.
[65] Compl. ¶¶ 62–63.

magistrate judge ruled that the Complaint fails to state an ultra vires claim because it does not allege facts plausibly showing that the assignment from MERS to HUD was invalid, so HUD had authority to enforce its rights under the deed of trust.[66] Ms. Nielsen objects that the magistrate judge erred in "assuming the validity of the challenged assignment at the pleading stage."[67] As the court already discussed in its analysis of Plaintiff's quiet title claim, the Complaint fails to plausibly allege that MERS lacked authority to make the March 27, 2024, assignment. Accordingly, the court agrees with the magistrate judge that Plaintiff's ultra vires claim fails because the 2024 assignment gave HUD the right to enforce or foreclose upon the deed of trust.

## IV. Declaratory Judgment

The Report and Recommendation also recommended dismissal of the Declaratory Judgment count. Plaintiff does not object to this finding, so the court reviews it for clear error only. Having done so, the court concludes that the Declaratory Judgment count should be dismissed because it does not stand alone and contains the same deficiencies identified above. Accordingly, the count is dismissed.

## ORDER

For the foregoing reasons, the court OVERRULES [37] Plaintiff's Objections to the Report and Recommendation, ADOPTS the [36] Report and Recommendation, and GRANTS [28] Defendant HUD's Motion to Dismiss and [29] Compu-Link's Motion to Dismiss. Plaintiff's Complaint is DISMISSED without prejudice.

---

[66] R&R 15–16.
[67] Objection 12.

Signed August 7, 2026.

BY THE COURT

_____
David Barlow
United States District Judge